UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CARLWOOD DEVELOPMENT INC., GEOTECH MINING, INC., PILOT PLANT, INC., MINCOR, INC., GEOSERACH INC., CRESCENT CORP., CAMEL, INC., BROADWAY ENTERPRISES INC., K. I. MATHESON, CACTUS GOLD CORP., CACTUS MINING CORP., DELGRATIA, IAN MATHESON, VALLEY GOLD CORP., KATHLEEN M. STEPHEN, ANDREW L. DALL, SHANNON L. DALL, CHARLTON S. AGER, CAROLIN I. AGER, CAROL J. AGER, FRED J. TOTI, GEORGE R. STEPHEN IV, and KATHLEEN M. STEPHEN,<br><br>          Petitioners,<br><br>     vs.<br><br>UNITED STATES OF AMERICA,<br><br>          Respondent. | Case No.: 2:10-cv-01773-RLH-PAL<br><br>**O R D E R**<br><br>(Motion to Strike–#12) |

Before the Court is Petitioners' **Motion to Strike the United States' Cross Motion for Summary Judgment** (#12), filed October 1, 2010.  The Court has also considered Respondent United States of America's (the "Government") Opposition (#15), filed October 18, 2010, and Petitioners' Reply (#16), filed October 21, 2010.

1

AO 72
(Rev. 8/82)

## BACKGROUND

This matter is before the Court on a petition for judicial review of a decision by the Interior Board of Land Appeals of the Department of the Interior, which invalidated 261 association mining claims owned by the Petitioners. On March 8, 2010, the parties agreed to the following briefing schedule:

> Petitioners shall file and serve their Opening Brief on or before May 31, 2010. Respondent shall file and serve an Answering Brief and Cross Motion, if any, on or before July 30, 2010. Petitioners may file a Reply Brief and Answering Brief to Respondent's Cross Motion, if any, on or before October 1, 2010. Respondent may file a Reply Brief to the Answering Brief, if any, on or before December 1, 2010.

(Dkt. #8, Stipulated Briefing Order, 2:3–7). On May 26, Petitioners filed their opening brief and, pursuant to the briefing schedule, the Government responded by July 30. In its response (the "Response"), the Government opposed Petitioner's opening brief and purportedly made a cross-motion for summary judgment. (Dkt. #11, 1:21–24). Petitioners then filed a reply brief and opposed the cross-motion. On December 1, the Government filed its reply to the Petitioners' opposition to the cross-motion (the "Reply"). Finally, on October 1, Petitioners filed a motion to strike the purported cross-motion arguing that the cross-motion was improper for several reasons. For the reasons discussed below, the Court denies the motion to strike.

## DISCUSSION

Pursuant to Rule 7(b)(1) of the Federal Rules of Civil Procedure, a party may make a request for a court order by motion. However, the motion must be in writing, state with particularity the grounds for the order, and state the nature of the relief sought. Fed. R. Civ. P. 7(b)(1)(A)–(C).

The Government's Response purports to be both a response to Petitioners' opening brief and a cross-motion for summary judgment. (Dkt. #11, Resp., 1:23-24). However, after declaring that the Response is a motion for summary judgment and providing the summary judgment legal standard, the Government proceeds in its Response without addressing any matters

even remotely indicative of a motion for summary judgment.  Rather, the Government merely responds to the matters raised by Petitioners in their opening brief.  Furthermore, even if the Response is genuinely meant to be a cross-motion for summary judgment, such a motion is improper under the circumstances of this case.   This case is before the Court on appeal—not for trial—and the purpose of summary judgment is to avoid unnecessary *trials* when there is no dispute as to the facts before the court.  *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (emphasis added).  The Government's purported cross-motion is, therefore, nothing more than a disingenuous attempt to get the last word.  As such, the Court finds that the cross-motion is not valid under Rule 7.  However, the Court denies Petitioners' motion to strike because rather than striking any portion of the Response itself, the Court will merely construe the Response as only a response to the opening brief, and not a cross-motion.  Consequently, the Government's Reply is no longer properly before the Court and is stricken in its entirety.

**CONCLUSION**

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that the Petitioners' Motion to Strike (#12) is DENIED.

IT IS FURTHER ORDERED that the Government's Response to Petitioners' Opening Brief (#11) is construed as only a response to the opening brief, and not a cross-motion.

IT IS FURTHER ORDERED that the Government's Reply (#17) is stricken in its entirety.

Dated: January 10, 2010

_____
**ROGER L. HUNT**
**Chief United States District Judge**