# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CARLWOOD DEVELOPMENT INC., GEOTECH MINING, INC., PILOT PLANT, INC., MINCOR, INC., GEOSERACH INC., CRESCENT CORP., CAMEL, INC., BROADWAY ENTERPRISES INC., K. I. MATHESON, CACTUS GOLD CORP., CACTUS MINING CORP., DELGRATIA, IAN MATHESON, VALLEY GOLD CORP., KATHLEEN M. STEPHEN, ANDREW L. DALL, SHANNON L. DALL, CHARLTON S. AGER, CAROLIN I. AGER, CAROL J. AGER, FRED J. TOTI, GEORGE R. STEPHEN IV, and KATHLEEN M. STEPHEN,<br><br>    Petitioners,<br><br>  vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Case No.: 2:10-cv-01773-RLH-PAL<br><br>**O R D E R**<br><br>(Petition for Judicial Review–#10) |

    Before the Court is Petitioners' **Petition for Judicial Review** (#10, May 26, 2010) of a decision by the Interior Board of Land Appeals. The Court has also considered the United States of America's Opposition (#11), filed July 30, 2010, and Petitioners' Reply (#13), filed October 1, 2010.

///

## BACKGROUND

Under federal mining laws, a single mining claim located by an individual may be no larger than twenty acres. 30 U.S.C. § 35. However, an "association" of individuals may aggregate their 20-acre allotments into a single mining claim of up to 160 acres. 30 U.S.C. § 36. Although individuals may not abuse association claims by using various schemes to locate more acreage than an individual is otherwise allowed by statute. *Chanslor-Canfield Midway Oil Co. v. United States*, 266 F. 145, 149 (9th Cir. 1920). For example, an individual may not use the names of uninterested parties (called "dummy locators") to create the appearance of an association when no legitimate association of parties actually exists. *Id*. at 149-50. Therefore, an association claim will be invalidated if the individual claims used to create the association were not originally located in good faith, independently, and for the individual's own self-interest. *Rooney v. Barnette*, 200 F. 700, 708-709 (9th Cir. 1912).

This case involves two groups of mining association claims situated in the Eldorado Valley, which is located in Southern Nevada. One group of claims was located in September 1993 by an association of eight corporations. The other group of claims was located in May 1999 by an association of eight individuals. In November 2004, the Bureau of Land Management ("BLM") filed several complaints challenging the validity of all of these claims. The BLM alleged that the claims were invalid because dummy locators were used to locate more land than allowed.

The BLM's complaint led to a hearing with the Department of the Interior's Departmental Hearings Division (the "Division"). Following the hearing, Administrative Law Judge Robert G. Holt issued a decision declaring both groups of claims invalid. (Dkt. #10, Ex. 1, ALJ Decision 7.) Judge Holt held that Petitioners carry the burden of showing, by a preponderance of the evidence, that they acted in good faith, independently, and for their own self-interest when they located the claims, and that Petitioners failed to meet that burden. (*Id*.) Instead, Judge Holt determined that the 1999 claims were likely located for the benefit of one individual,

///

Charles Ager, and that the 1993 claims were located for the benefit of two groups of persons and entities represented by Ager and James Roe. (*Id.*)

In September 2008, Petitioners appealed Judge Holt's decision to the Interior Board of Land Appeals of the Department of the Interior ("IBLA"). Administrative Law Judge James F. Roberts subsequently issued a decision affirming Judge Holt's decision. (Dkt. #2, Ex. 1, Pet. for Jud. Review 28.) Specifically, Judge Roberts concluded that the Division properly held that Petitioners carry the burden of showing, by a preponderance of the evidence, that the claims were validly located, and that the Petitioners failed to carry that burden. Therefore, the IBLA affirmed the Division's decision in its entirety and invalidated both groups of claims.

Accordingly, in August 2009, Petitioners filed a Petition for Judicial Review pursuant to § 706 of the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701–706. Petitioners request the Court to set aside the IBLA decision and reaffirm the validity of the two groups of mining claims. For the reasons discussed below, the Court denies Petitioners' request and affirms the IBLA's decision in its entirety.

**DISCUSSION**

**I.  Standard of Review**

The APA provides various avenues for a party to seek judicial review of federal agency action. Under § 706, federal courts are vested with the authority to "hold unlawful and set aside agency action, findings, and conclusions" that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). In addition, the APA provides that a federal court shall set aside an agencies factual conclusions that are "unsupported by substantial evidence" based on the administrative record. 5 U.S.C. § 706(2)(E). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Fisher v. City of San Jose*, 558 F.3d 1069, 1074 (9th Cir. 2009) (quoting *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1014 (9th Cir. 1985)).

///

## II.     Analysis

Petitioners argue that the IBLA decision should be set aside on two grounds: (1) the decision applied the incorrect standard of proof; and (2) the IBLA's factual analysis is contradicted by the evidence in the record.

### A.      Standard of Proof

Petitioners argue that the proper standard of proof in dummy locator cases requires the government to prove by clear and convincing evidence that the relevant mining claims are invalid. The Division conducted an exhaustive review of both primary and secondary authorities to determine the proper standard of proof in dummy locator cases. After establishing that those authorities do not explicitly state the proper standard of proof, the Division conducted a rational interpretation of the law and concluded that the proper standard called for Petitioners to establish by a preponderance of the evidence that they acted in good faith. Furthermore, the IBLA reviewed the Division's analysis in detail and agreed with its interpretation. The mere fact that the Petitioners disagree with that interpretation does not mean the IBLA acted in an arbitrary and capricious manner, or that their interpretation was not in accordance with law. Therefore, after reviewing the controlling law and the IBLA's decision, the Court finds that the IBLA's legal analysis was both reasonable and appropriate.

### B.      IBLA's Factual Analysis

Additionally, the IBLA's application of the facts of this case to the above-referenced standard of proof is supported by the record. The record does not demonstrate that the IBLA's decision was contradicted by uncontroverted evidence as Petitioners argue. Although the IBLA did rely on the Division's factual analysis to some extent, it also conducted its own analysis of both the documentary and testimonial evidence submitted during the hearing before the Division and concluded that the evidence overwhelmingly established that the Petitioners' mining claims were invalid. And after reviewing the record the Court concludes that the facts and evidence support the IBLA's factual analysis. Therefore, the Court finds that the IBLA's factual

AO 72
(Rev. 8/82)

analysis is supported by substantial evidence in the record. Accordingly, the Court denies Petitioners' request to set aside the IBLA's decision.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Petitioners' Petition for Judicial Review (#10) is DENIED. The Court denies Petitioners' request to set aside the IBLA's decision.

Dated: March 22, 2011

_____
**ROGER L. HUNT**
**Chief United States District Judge**